UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JRG CAPITAL INVESTORS I, LLC, § § | |
| Plaintiff, § § | |
| v. § | CIVIL ACTION NO. 4:11-cv-3299 |
| § | |
| MAURICE DOPPELT, § § | |
| Defendant. § | |

**MEMORANDUM AND ORDER**

Pending before this Court is Defendant's Motion to Dismiss Plaintiff's Verified Original Petition (Doc. No. 3). After considering Defendant's Motion, all responses thereto, and the applicable law, the Court finds that Defendant's Motion to Dismiss must be denied.

**I.      BACKGROUND**

This case concerns the extent of a guarantor's liability under a guaranty agreement governed by Texas state law. On January 2, 2007, 839 East 19th Street, GP Corp., acting on behalf of 839 East 19th Street, LP, (collectively, the "Borrower"), executed a promissory note (the "Note") in the amount of $5,040,000 to CitiBank, NA ("CitiBank"). (Pl. Compl., Doc. No. 1 ¶ 7.) The Borrower also signed a Deed of Trust, an Assignment of Rents, a Security Agreement, and a Fixture Filing, as well as an Absolute Assignment of Rents and a Landlord's Interest in Leases. (*Id.* ¶ 8.) The Defendant, Maurice Doppelt ("Defendant" or "Doppelt"), signed a Guaranty of Borrower's Recourse Obligations (the "Guaranty") on January 26, 2007. (*Id.* ¶ 10.)

1

CitiBank transferred the Note to JRG Capital Investors, I, LLC ("Plaintiff" or "JRG") on June 4, 4010. (*Id.* ¶¶ 12-14.) On July 6, 2010, JRG foreclosed on the real property that was the subject of the loan documents. After foreclosure, a "substantial deficiency" was left on the Note. (*Id.* ¶ 15.) As a result of the foreclosure, JRG is now the owner of the property, and has succeeded to all rights, title and interest set forth in the Deed of Trust. (*Id.* ¶ 16.)

The parties dispute the meaning of certain terms in the Note. One such term is Section 20 of the Note, titled "Nonrecourse Provisions." Subsection 20(A), titled "No Personal Liability," provides that, notwithstanding certain exceptions, "Lender hereby agrees that Borrower shall not be personally liable for the payment and performance of the indebtedness and the obligations evidenced or arising under the Note, the Security Instrument, and the Loan Documents." (Doc. No. 6, Ex. A.) Subsection 20(B) of the Note, titled "Exceptions," states that the non-recourse provisions of Subsection 20(A) shall not "be construed to release or relieve any guarantor of any indebtedness or obligation of Borrower to Lender from full personal liability for the payment or performance of such guarantor's obligations under any guaranty now or hereinafter entered into." (*Id.*)

The parties also dispute the meaning of portions of the Guaranty, made by Doppelt in favor of CitiBank. Section One of the Guaranty states that the Guarantor "absolutely, unconditionally and irrevocably guarantees and promises to Lender: (i) the prompt, complete and full payment and performance when due…of Borrower's Recourse Obligations; and (ii) in addition to all other amounts due hereunder, the prompt, complete and full payment, upon demand, of all attorneys' fees, costs and expense." (Pl. Compl., Ex. A.) Section 4(i)(i) of the Guaranty provides that the "Lender may proceed against and collect any or all of the Note (up to the Guaranteed Amount) and the Guaranteed Obligations from Guarantor without first

2

foreclosing on any real or personal property collateral pledged by Borrower." *Id.* Section 4(i)(i) also states that, if the lender forecloses on the real property collateral, it "may collect from Guarantor even if Lender, by foreclosing on the real property collateral, has destroyed any right Guarantor may have to collect from Borrower any sums that Guarantor pays to Lender pursuant to this Guaranty Agreement." *Id.*

In his Motion to Dismiss, Defendant argues that his liability does not extend beyond that of the Borrower, and that, because the nonrecourse provisions in Subsection 20(A) of the Note protect the Borrower from any further liability, he is likewise not responsible for the remaining debt. In response, Plaintiff argues that, under the terms of the guaranty contract, Defendant's liability exceeds that of the Borrower, rendering him accountable for the remaining debt.

## II. LEGAL STANDARD

Pursuant to the Federal Rules of Civil Procedure, a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, a complaint must contain sufficient factual matter that, if it were accepted as true, would "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. ---, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim need not give rise to "probability," but need only plead sufficient facts to allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S.

at 556). A pleading also need not contain detailed factual allegations, but go beyond mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted).

While the court must accept well-pleaded facts as true, *Iqbal*, 129 S. Ct. at 1950, it should neither "strain to find inferences favorable to the plaintiffs" nor "accept 'conclusory allegations, unwarranted deductions, or legal conclusions.'" *R2 Investments LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 362 (5th Cir. 2004)). The court should not evaluate the merits of the allegation, but must satisfy itself only that plaintiff has adequately pled a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

### III.   ANALYSIS

The issue dividing the parties in this case is whether Doppelt, as a guarantor, must bear responsibility for the Borrower's unsatisfied indebtedness. As a general rule, the liability of a guarantor is equal to that of its principal. *Technical Consultant Serv., Inc. v. Lakewood Pipe of Texas, Inc.*, 861 F.2d 1357, 1363 (5th Cir. 1988) (interpreting Texas law). Under the terms of the Note in this case, the Borrower's debt is nonrecourse, meaning that the Borrower cannot be held liable for any unsatisfied indebtedness remaining after foreclosure. As such, the Borrower's obligations with regard to its indebtedness were complete when JRG foreclosed on the property on July 6, 2010. If Doppelt's liability were equal to that of the Borrower, then, he could not be held liable for the remaining unsatisfied indebtedness.

However, there is an exception to the general rule: if the guarantor agrees to it, a guaranty contract can impose greater liability upon the guarantor than the note imposes upon the principal. *See Resolution Trust Corp. v. Northpark Joint Venture*, 958 F.2d 1313, 1321 (5th Cir. 1992)

4

(citing *Western Bank-Downtown v. Carline*, 757 S.W.2d 111, 114 n. 7 (Tex. App. - Houston [1st Dist.] 1988, writ denied) and *Simpson v. MBank Dallas, N.A.*, 724 S.W.2d 102, 110 (Tex. App. - Dallas 1987, writ ref'd n.r.e.)). The question here is whether the guaranty contract in this case gives rise to the exception, or whether Doppelt's liability is equal to that of the Borrower.

In construing a guaranty agreement, the primary objective, as with all contract construction, is to ascertain the true intentions of the parties as expressed in the instrument. *Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983) (citations omitted). Where uncertainty or ambiguity exists as to the meaning of a guaranty contract, the reviewing court applies the construction more favorable to the guarantor. *Id.* at 394 n.1. An unambiguous guaranty, or one that "can be given a certain or definite meaning or legal interpretation," is construed as a matter of law. *Id.* at 393.

In *Resolution Trust v. Northpark Joint Venture*, the Fifth Circuit evaluated a third-party personal guaranty and a promissory note to assess whether the contract was ambiguous so as to prevent the imposition of additional liability on the guarantor. The court focused on two provisions in the documents: (1) a provision in the guaranty stating that the guarantor was required to pay the "indebtedness" on the note; and (2) a provision in the note stating that guarantors were excluded from the note's nonrecourse protection. *Resolution Trust*, 958 F.2d at 1320-22. The court observed that the term "indebtedness" is a legal term which describes the state of being in debt. *Id.* at 1320 (citing Black's Law Dictionary 691 (6th Ed. 1990)). That a debt is nonrecourse, the court explained, "does not change the fact that the debtor is 'in debt' to a creditor." *Id.* As a result, "indebtedness" may remain even if the debtor can no longer be held liable for it. *Id. See also Fed. Deposit Ins. Corp. v. University Anclote, Inc.*, 764 F.2d 804, 806 (11th Cir. 1985) (finding that a guarantee to pay all indebtedness rendered guarantor's liability

5

greater than that of borrower). The court in *Reservation Trust* concluded that, while the debtor could no longer be held liable for his indebtedness because of a nonrecourse provision, the guarantor, who was explicitly exempted from that provision, could. *Id.* at 1322.

As in *Resolution Trust*, the Guaranty and Note in this case, read in conjunction, unambiguously indicate that the Defendant's liability as guarantor may exceed that of the Borrower. Specifically, the Guaranty in this case, like the one in *Resolution Trust*, refers to the legal concept of "indebtedness." Section One of the Guaranty provides that the "Guarantor absolutely, unconditionally and irrevocably guarantees and promises to Lender…the prompt, complete and full payment and performance when due" of the Borrower's "indebtedness."[1] Under the Fifth Circuit's reasoning in *Resolution Trust*, a guarantee to pay indebtedness is a guarantee to pay a debt, which exists as long as the Borrower is in debt to the lender, regardless of whether or not the Borrower may itself be held responsible. *Id.* at 1320. The Defendant, as guarantor, is liable for such a debt, unless the nonrecourse provision of the Note applies to him.

In this case, the Note explicitly exempts guarantors such as Defendant from its nonrecourse provision. Subsection 20(B) of the Note, which delineates the exceptions to the nonrecourse provision, states that none of the nonrecourse provisions "release or relieve *any guarantor of any indebtedness* or obligation of Borrower to Lender." (Doc. No. 6, Ex. A) (emphasis added). This exception excludes Defendant from the Note's nonrecourse provision to the extent that the provision would release or relieve him of the Borrower's indebtedness. In that

---

[1] Section One defines indebtedness as, "All amounts due, debts, liabilities and payment obligations described in clauses (i) and (ii)." Clauses (i) and (ii) state that the Guarantor promises "(i) the prompt, complete and full payment and performance when due (whether at the stated maturity, by acceleration or otherwise) or Borrower's Recourse Obligations; and (ii) in addition to all other amounts due hereunder, the prompt, complete and full payment, upon demand, of all attorneys' fees, costs, and expenses." The Court reads Section One pursuant to the canon of *reddendo singular singulis*, or the doctrine of the last antecedent, under which a limited or restrictive clause (here, the phrase "described in clauses (i) and (ii)") is generally construed to refer to the immediately preceding clause (here, "payment obligations"). Thus, the Court reads Section One as defining indebtedness broadly as "all amounts due, debts, liabilities" in addition to "payment obligations described in clauses (i) and (ii)."

sense, the exception operates much like the exclusion provision in *Resolution Trust*, 958 F.3d 1321. As in that case, the Borrower here remains "in debt," for which the guarantor, because he is excluded from the nonrecourse provision, can be held liable.

Finally, if the Note and Guaranty were otherwise ambiguous as to Defendant's liability, Section 3(b) of the Guaranty would surely provide sufficient clarity. Section 3(b) states that "[t]he obligations of Guarantor hereunder are independent of and *in addition to* the obligations of Borrower." (emphasis added). Because the guaranty contract unambiguously provides that Defendant's liability may exceed that of the Borrower, Plaintiff has adequately stated a claim upon which relief can be granted.

## IV. CONCLUSION

Defendant's Motion to Dismiss (Doc. No. 3) is **DENIED**.

**IT IS SO ORDERED**.

**SIGNED** this 27th day of October, 2011.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE